# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

CIVIL ACTION NO. 19-455

GENE SEGALIS, INDIVIDUALLY and
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                Plaintiff,

       v.

MOLSON COORS BREWING COMPANY, A DELAWARE CORPORATION
MARK R. HUNTER, AND
TRACEY I. JOUBERT

                Defendants.

---

# COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS AND JURY DEMAND

---

Plaintiff Gene Segalis ("Plaintiff"), by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief as to all other matters, based upon the investigation conducted by and through his attorneys, which included, among other things, a review of documents filed by Defendants (as defined below) with the United States Securities and Exchange Commission (the "SEC"), news reports, press releases issued by Defendants, and other publicly available documents, as follows:

## NATURE AND SUMMARY OF THE ACTION

1. This is a federal securities class action on behalf of all investors who purchased or otherwise acquired Defendant Molson Coors Brewing Company ("Molson" or the "Company") common stock between February 14, 2017 and February 12, 2019, inclusive (the "Class Period"). This action is brought on behalf of the Class for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

2. Molson Coors Brewing Company is a multinational brewing company.

3. During the Class Period, unbeknownst to investors, the Defendants repeatedly and materially misstated Molson's financial condition in filings with the SEC, while falsely representing that Molson's financial statements complied with GAAP and that its internal controls were effective. As a result, Class Members were materially misled.

## JURISDICTION AND VENUE

4. The federal law claims asserted herein arise under §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5, as well as under the common law.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and § 27 of the Exchange Act, 15 U.S.C. § 78aa.

6. This Court has jurisdiction over each Defendant named herein because each Defendant is an individual or corporation who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by the District Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District pursuant to § 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1931(b). Molson's principal executive offices are in this District, and many of the acts charged herein, including the dissemination of materially false and misleading information, occurred in substantial part in this District.

8. In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications and the facilities of the New York Stock Exchange ("NYSE"), a national securities exchange.

**PARTIES**

9. Plaintiff Gene Segalis is an individual residing in Dupage County, Illinois. Plaintiff acquired and held shares of the Company at artificially inflated prices during the class period and has been damaged by the revelation of the Company's material misrepresentations and material omissions.

10. Defendant Molson is a Delaware corporation with its principal place of business in Denver, Colorado. The Company trades on the New York Stock Exchange ("NYSE") under the ticker symbol "TAP".

11. Defendant Mark R. Hunter ("Hunter") has been the President and Chief Executive Officer of Molson since January 2015.

12. Defendant Tracey I. Joubert ("Joubert") has been the Chief Financial Officer of Molson since November 2016.

13. Collectively, Hunter and Joubert, are referred to throughout this complaint as the "Individual Defendants".

14. The Individual Defendants, because of their positions at the Company, possessed the power and authority to control the content and form of the Company's annual reports, quarterly reports, press releases, investor presentations, and other materials provided to the SEC, securities analysts, money and portfolio managers and investors, *i.e.*, the market. The Individual Defendants authorized the publication of the documents, presentations, and materials alleged herein to be misleading prior to its issuance and had the ability and opportunity to prevent the issuance of these false statements or to cause them to be corrected. Because of their positions with the Company and access to material non-public information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public and that the positive representations being made were false and misleading. The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

15. The Class Period begins on February 14, 2017, when Molson filed on Form 10-K with the SEC its annual report for the period ended December 31, 2016, which stated in pertinent part:

|  | As of | |
|---|---:|---:|
|  | December 31, 2016 | December 31, 2015 |
|  | (In millions) | |
| Non-current deferred tax assets: | | |
|    Compensation related obligations | $ 22.2 | $ 19.3 |
|    Pension and postretirement benefits | 35.6 | 61.2 |
|    Tax credit carryforwards | 13.0 | 1.5 |
|    Tax loss carryforwards | 1,004.8 | 897.9 |
|    Accrued liabilities and other | 46.1 | 32.3 |
|    Other | 7.5 | 10.0 |
|    Valuation allowance | (901.7) | (824.9) |
| Total non-current deferred tax assets | $ 227.5 | $ 197.3 |
| Non-current deferred tax liabilities: | | |
|    Fixed assets | 72.5 | 69.7 |
|    Partnership investments | 922.0 | 169.7 |
|    Foreign exchange gain/loss | 43.0 | 48.7 |
|    Intangible assets | 800.5 | 644.0 |
|    Other | 13.8 | 13.9 |
| Total non-current deferred tax liabilities | $ 1,851.8 | $ 946.0 |
| Net non-current deferred tax assets | — | — |
| Net non-current deferred tax liabilities | $ 1,624.3 | $ 748.7 |

16. On February 14, 2018, Molson filed on Form 10-K with the SEC its annual report for the period ended December 31, 2017, which stated in pertinent part:

|  | For the years ended | | |
|---|---:|---:|---:|
|  | December 31, 2017 | December 31, 2016 | December 31, 2015 |
|  | (In millions, except per share amounts) | | |
| Amounts attributable to Molson Coors Brewing Company: | | | |
| Net income (loss) from continuing operations | $ 1,412.7 | $ 1,995.8 | $ 391.3 |
| Income (loss) from discontinued operations, net of tax | 1.5 | (2.8) | 3.9 |
| Net income (loss) attributable to Molson Coors Brewing Company | $ 1,414.2 | $ 1,993.0 | $ 395.2 |
| Weighted-average shares for basic EPS | 215.4 | 212.0 | 185.3 |
| Effect of dilutive securities: | | | |
|    RSUs, DSUs, and PSUs | 0.6 | 0.8 | 0.7 |
|    Stock options and SOSARs | 0.5 | 0.6 | 0.4 |
| Weighted-average shares for diluted EPS | 216.5 | 213.4 | 186.4 |
| Basic net income (loss) attributable to Molson Coors Brewing Company per share: | | | |
|    From continuing operations | $ 6.56 | $ 9.41 | $ 2.11 |
|    From discontinued operations | 0.01 | (0.01) | 0.02 |
| Basic net income (loss) attributable to Molson Coors Brewing Company per share | $ 6.57 | $ 9.40 | $ 2.13 |
| Diluted net income (loss) attributable to Molson Coors Brewing Company per share: | | | |
|    From continuing operations | $ 6.52 | $ 9.35 | $ 2.10 |
|    From discontinued operations | 0.01 | (0.01) | 0.02 |
| Diluted net income (loss) attributable to Molson Coors Brewing Company per share | $ 6.53 | $ 9.34 | $ 2.12 |
| Dividends declared and paid per share | $ 1.64 | $ 1.64 | $ 1.64 |

17. Defendant Hunter signed certifications for both of the 10-Ks described above.

5

18. Defendant Joubert signed certifications for both of the 10-Ks described above.

19. Among other things, the above-mentioned certifications, which were made pursuant to the Sarbanes-Oxley Act of 2002, required the signer to attest that they have reviewed the report, that it does not contain untrue statements, that it fairly represents the financial condition of the Company, and that the company's internal controls are effective.

20. Each of statements identified above were materially false and misleading when issued as (1) the Company's financial statements did not fairly present its results; and (2) the Sarbanes-Oxley certifications were false.

21. Molson and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws. As set forth elsewhere herein in detail, defendants, by virtue of their receipt of information reflecting the true facts regarding Molson, their control over, and/or receipt and/or modification of Molson's allegedly materially misleading statements and/or their associations with the Company that made them privy to confidential proprietary information concerning Molson, participated in the fraudulent scheme alleged herein.

**The Truth is Revealed**

22.     The truth was finally revealed on February 12, 2019. On that date, Molson filed on Form 8-K with the SEC a news release stating in pertinent part:

Item 4.02.     Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.

On February 8, 2019, the Audit Committee of the Board of Directors (the "Audit Committee") of Molson Coors Brewing Company (the "Company"), after discussion with management of the Company and PricewaterhouseCoopers LLP, the Company's independent registered public accounting firm, concluded that the Company's previously issued consolidated financial statements as of and for the years ended December 31, 2017 and December 31, 2016 should be restated and no longer be relied upon.

As part of preparing its 2018 financial statements, the Company identified errors in the accounting for income taxes related to the deferred tax liabilities for its partnership in MillerCoors, LLC ("MillerCoors"). Upon the closing of the acquisition of the remaining interest in MillerCoors (the "Acquisition") in the fourth quarter of 2016 and completion of the related deferred income tax calculations, the Company did not reconcile the outside basis deferred income tax liability for the investment in the partnership to the book-tax differences in the underlying assets and liabilities within the partnership. As a result of completing this reconciliation as part of preparing its 2018 consolidated financial statements, the Company identified a difference related to historical financial statements and concluded that the previously issued 2017 and 2016 consolidated financial statements were misstated. Accordingly, the Company is restating its consolidated financial statements as of and for the year ended December 31, 2016 to increase its deferred tax liabilities and deferred tax expense by $399.1 million, with a corresponding decrease in net income and earnings per share. The Company's consolidated financial statements as of and for the year ended December 31, 2017 are also being restated to reflect the revaluation of such deferred liabilities due to the U.S. Tax Cuts and Job Act of 2017 and to correct further insignificant income tax errors resulting in a decrease to deferred tax liabilities and deferred tax expense of $151.4 million, resulting in corresponding increases to the Company's net income and earnings per share. These adjustments resulted in an aggregate $247.7 million increase

to the Company's deferred tax liabilities and corresponding decrease in retained earnings and total equity as of December 31, 2017.

The Company intends to include restated consolidated financial statements as of and for the years ended December 31, 2017 and December 31, 2016 in its Annual Report on Form 10-K for the year ended December 31, 2018 (the "2018 Annual Report"), which it expects to file on February 12, 2019. Management of the Company has concluded that the impact of the errors on the previously issued unaudited interim financial statements included in the Company's Quarterly Reports on Form 10-Q are not material, but in conjunction with restating its annual financial statements, the Company will include corrected 2018 and 2017 previously issued unaudited interim financial information in the 2018 Annual Report and will revise its unaudited 2018 interim financial statements in connection with the filing of its Quarterly Reports on Form 10-Q for the quarters ending March 31, June 30 and September 30, 2019.

In connection with the restatement, management of the Company has determined that a material weakness existed in the Company's internal control over financial reporting as of December 31, 2018 relating to the design and maintenance of effective controls over the completeness and accuracy of the accounting for and disclosure of the income tax effects of acquired partnership interests. Specifically, the Company did not design appropriate controls to identify and reconcile deferred income taxes associated with the accounting for acquired partnership interests. As a result, the Company's Chief Executive Officer and Chief Financial Officer have concluded that the Company's disclosure controls and procedures were not effective as of December 31, 2018, and the Company's management has concluded that its internal control over financial reporting was not effective as of December 31, 2018.

23. Molson's stock price fell sharply in the aftermath of these revelations. After closing at $65.36 on February 11, 2019, the Company's stock price dropped to $59.19 per share on February 12, 2019 – more than a 9% drop.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all persons and entities who purchased or otherwise acquired Molson common stock between February 14, 2017

and February 12, 2019, inclusive. Excluded from the Class are Defendants, directors and officers of the Company, as well as their families and affiliates.

25. The members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

26. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

   a. Whether the Exchange Act was violated by Defendants;
   b. Whether Defendants omitted and/or misrepresented material facts;
   c. Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;
   d. Whether Defendants knew or recklessly disregarded that their statements were false and misleading;
   e. Whether the price of the Company's stock was artificially inflated; and
   f. The extent of damage sustained by Class members and the appropriate measure of damages.

27. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct alleged herein.

28. Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in class action securities litigation. Plaintiff has no interests that conflict with those of the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FRAUD ON THE MARKET

30. Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine that, among other things:

   a. Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

   b. The omissions and misrepresentations were material;

   c. The Company's common stock traded in efficient markets;

   d. The misrepresentations alleged herein would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

   e. Plaintiff and other members of the class purchased the Company's common stock between the time Defendants misrepresented or failed to disclose material facts and the time that the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

31. At all relevant times, the markets for the Company's stock were efficient for the following reasons, among others: (i) the Company filed periodic public reports with the SEC; and (ii) the Company regularly communicated with public investors via

established market communication mechanisms, including through regular disseminations of press releases on the major news wire services and through other wide-ranging public disclosures such as communications with the financial press, securities analysts, and other similar reporting services. Plaintiff and the Class relied on the price of the Company's common stock, which reflected all information in the market, including the misstatements by Defendants.

## NO SAFE HARBOR

32. The statutory safe harbor provided for forward-looking statements under certain conditions does not apply to any of the allegedly false statements pleaded in this Complaint. The specific statements pleaded herein were not identified as forward-looking statements when made.

33. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.

## LOSS CAUSATION

34. On February 12, 2019, Molson's common stock price fell almost 10% per share, falling from its closing price of $65.36 per share on February 11, 2019 to $59.19 per share, after it revealed that certain of its financial statements could no longer be relied upon, and that its internal control over financial reporting was not effective as of December 31, 2018.

## CAUSES OF ACTION

### Count I
### Violation of § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder
### (Against All Defendants)

35. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

36. During the Class Period, Defendants disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

37. Defendants violated § 10(b) of the Exchange Act and Rule 10b-5 in that they (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon those who purchased or otherwise acquired the Company's securities during the class period.

38. Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for the Company's common stock. Plaintiff and the Class would not have purchased the Company's common stock at the price paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

## Count II
### Violation of § 20(a) of the Exchange Act
### (Against The Individual Defendants)

39. Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of the Company within the meaning of § 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions at the Company, the Individual Defendants had the power and authority to cause or prevent the Company from engaging in the wrongful conduct complained of herein. The Individual Defendants were provided with or had unlimited access to the documents where false or misleading statements were made and other statements alleged by Plaintiffs to be false or misleading both prior to and immediately after their publication, and had the ability to prevent the issuance of those materials or to cause them to be corrected so as not to be misleading.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) determining that this action is a proper class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class as defined herein, and a certification of Plaintiff as class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointment of Plaintiff's counsel as Lead Counsel;

(b) awarding compensatory and punitive damages in favor of Plaintiff and the other class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including pre-judgment and post-judgment interest thereon;

(c) awarding Plaintiff and other members of the Class their costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

(d) awarding Plaintiff and the other Class members such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action of all issues so triable.

February 15, 2019                     Respectfully submitted,

                                              s/ Jacob A. Walker
                                              Jeffrey C. Block
                                              Jacob A. Walker
                                              **BLOCK & LEVITON LLP**
                                              155 Federal Street, Suite 400
                                              Boston, Massachusetts 02110
                                              Telephone: (617) 398-5600
                                              E-mail: jake@blockesq.com

                                              *Attorneys for Plaintiff*