1

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO


GENE SEGALIS, Individually    .    Case No. 19-cv-00455-DME-MEH
and on behalf of all others   .
similarly situated,           .
                              .
            Plaintiff,        .
                              .
vs.                           .
                              .
MOLSON COORS BREWING          .
COMPANY, a Delaware           .
Corporation, MARK R.          .
HUNTER, TRACEY I. JOUBERT,    .
ELECTRICAL WORKERS PENSION    .
FUND, LOCAL 103 I.B.E.W,      .
GEORGE MURR, IRON WORKERS     .    Alfred A. Arraj US Courthouse
LOCAL 580 JOINT FUNDS,        .    901 19th Street
                              .    Denver, CO  80294
            Defendants,       .
                              .
vs.                           .
                              .
METROPOLITAN TRANSPORTATION   .
AUTHORITY, MANHATTAN AND      .
BRONX SURFACE TRANSIT         .
OPERATING AUTHORITY,          .
                              .
            Interested        .
            Parties.          .    April 17, 2019
. . . . . . . . . . . . . . . .    10:38 a.m.


**TRANSCRIPT OF PROCEEDINGS HELD BEFORE THE HONORABLE
MICHAEL E. HEGARTY, UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

For the Plaintiff:              Block & Leviton, LLP
                                By:  Jacob A. Walker
                                155 Federal Street
                                Suite 400
                                Boston, MA  02110
                                (617) 398-5600

Appearances continued:

For the Defendants Molson        Dechert, LLP
Coors Brewing Company,           By:  David H. Kistenbroker
Mark R. Hunter, Tracey I.        By:  Joni S. Jacobsen
Joubert:                              35 West Wacker Drive
                                 Suite 3400
                                 Chicago, IL  60601
                                 (312) 646-5800

                                 Davis Graham & Stubbs, LLP
                                 By:  Jacqueline V. Roeder
                                 By:  Kenzo S. Kawanabe
                                 1550 17th Street
                                 Suite 500
                                 Denver, CO  80202
                                 (303) 892-9400

For the Movant Electrical        Franklin D. Azar & Associates
Workers Pension Fund Local        By:  Paul R. Wood
103, I.B.E.W.:                   14426 East Evans Avenue
                                 Aurora, CO  80014
                                 (303) 757-3300

For the Movant George Murr:       Shuman Law Firm
                                 By:  Rusty E. Glenn
                                 600 17th Street
                                 Suite 2800 South
                                 Denver, CO  80202
                                 (303) 861-3003

                                 Glancy Prongay & Murray
                                 By:  Lesley F. Portnoy
                                 1925 Century Park East
                                 Suite 2100
                                 Los Angeles, CA  90067
                                 (310) 201-9150

For the Movant Iron Workers       Pomeranz LLP
Local 580 Joint Funds:           By:  Joseph A. Hood, II
                                 600 Third Avenue
                                 20th Floor
                                 New York, NY  10016
                                 (212) 661-1100

For Interested Party             Cody-Hopkins Law Firm
Metropolitan Transportation       By:  Karen J. Cody-Hopkins
Authority:                       4610 South Ulster Street
                                 Suite 150
                                 Denver, CO  80237
                                 (303) 221-4666

Appearances continued:

For Interested Party          Wolf Haldenstein Adler
Metropolitan Transportation     Freeman & Herz, LLP
Authority:                    By:  Kevin G. Cooper
                              By:  Regina M. Calcaterra
                              270 Madison Avenue
                              New York, NY  10016
                              (212) 545-4660

Court Recorder:               Clerk's Office
                              U.S. District Court
                              901 19th Street
                              Denver, CO  80294

Transcription Service:        AB Court Reporting & Video
                              216 16th Street, Suite 600
                              Denver, CO  80202
                              (303) 296-0017

*Note:  All appearances telephonic.

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

(Time noted:  10:38 a.m.)

THE COURT CLERK:  All rise.  Court is in session.

THE COURT:  Good morning, everyone.  Case number 19-cv-455, Gene Segalis versus Molson Coors Brewing Company, et al.

I hate to go through this again, because I heard you guys on the microphone, but go ahead and make your appearances, starting with the Plaintiff.

MR. WALKER:  Jake Walker from the law firm Block & Leviton in Boston, for Plaintiff Segalis.

THE COURT:  Okay.  For the defense?

MR. KISTENBROKER:  David Kistenbroker and Joni Jacobsen from Dechert, Your Honor.  And Davis Graham is also on.

THE COURT:  Okay.

MS. ROEDER:  Good morning, Your Honor, Jackie Roeder and Kenzo Kawanabe from Davis Graham.

THE COURT:  Thank you.  How about for Electrical Workers Pension Fund?

MR. WOOD:  Good morning, Your Honor, Paul Wood on behalf of the Electrical Workers Pension Fund.

THE COURT:  All right.  And Metropolitan Transportation Authority?

MS. CALCATERRA:  Good morning, Your Honor, this is Regina Calcaterra from Wolf Haldenstein.  And I'm joined by

colleague on the phone, Kevin Cooper, and local counsel Karen Cody-Hopkins.

THE COURT:  All right.  Is that everybody?

MR. HOOD:  Good morning, Your Honor, this is Alexander Hood of Pomeranz LLP.  We're counsel for the lead Plaintiff Iron Workers Local 580 Joint Funds.

Our firm is also counsel for Larry Susberg, the Plaintiff in the action of Susberg v. Molson Coors Brewing Company, 19-cv-514, which certain of the motions pending before the Court today are seeking to consolidate with the Segalis action.

THE COURT:  Okay.

MR. PORTNOY:  Good morning, Your Honor, this is Lesley Portnoy of Glancy Prongay & Murray, representing one of the lead Movants, George Murr, and I'm joined by local counsel, Rusty Glenn from the Shuman Law Firm.

THE COURT:  All right.  Now is that everybody?

(No reply)

THE COURT:  Okay.  So I see motions pending.  And I don't think any of those motions have been referred to me, so at the moment, at least, there's nothing we can do about those.

I think the parties -- is it agreed that a schedule not be set at this time?  Is there anybody opposed to that proposition?

MR. WALKER:  No opposition from Plaintiffs.

MR. KISTENBROKER:  Nor from Defendants, Your Honor.

THE COURT:  Okay.  Yeah, I'm not sure what else I can do except watch things transpire.  So I guess we'll just wait.

Is this the lowest numbered case in our District?

MR. WALKER:  Yes, Your Honor.

THE COURT:  All right.  So is there any -- I mean, I could possibly sort of grease the skids here.

Would there be any opposition to consolidation from anyone?  Are these unopposed motions, or are they joint motions?

Anybody at all?

MR. WOOD:  This is Paul Wood, Your Honor.  I don't believe anyone is opposed to consolidation, based on the motions that I've seen.

THE COURT:  Okay.

MR. KISTENBROKER:  Yes, Your Honor, this is David Kistenbroker from Dechert.  I believe under the Federal Rules they must be consolidated.

THE COURT:  Okay, very good.  So is sooner better than later advantageous for you guys as far as getting them consolidated, or does it really matter?

MR. WALKER:  It would certainly help, you know,

move the process along, I'm sure.  The GXLA requires the appointment of a lead Plaintiff, and generally the selection of their counsel within a certain prescribed period of time, so that would certainly help move things along, I'm sure.

MR. KISTENBROKER:  Your Honor, yes, consolidation has to be determined before the lead counsel is appointed.

THE COURT:  All right.

MR. WALKER:  That is correct, Your Honor.

THE COURT:  Okay.  I'm going to put you guys on hold and call over to David Ebel and talk to him, okay?

So we're going to mute you out, okay?

MS. CALCATERRA:  Okay.

MR. WALKER:  Thank you, Your Honor.

THE COURT:  We'll be back in a second.

(Pause)

THE COURT:  Okay.  So, Judge Ebel and I have a pretty good working relationship.  Let's look at the docket and see -- give me the order that you really need these motions to be granted by docket number.

MR. WALKER:  Your Honor, each of the Movants put forward the motions that combined the requests to consolidate, along with their own individual appointments, so I don't think it would be easy to just, you know, grant one or both motions.

THE COURT:  Okay.  So nobody has any opposition to

any of the five pending motions, is that correct?

MR. WALKER:  Not to the extent that they should be consolidated.

MS. CODY-HOPKINS:  Your Honor, this is Karen Cody-Hopkins representing the MPA.

I believe the Movants have already withdrawn their motion for appointment, so we're down one.

THE COURT:  Well, who withdrew?

MS. CODY-HOPKINS:  Looks like -- just a second. The attorney can confirm, but it looks like Mr. Segalis has withdrawn his motion.  Docket 22.  Am I correct on that, sir?

THE COURT:  Docket 22?  Oh, I see.  Notice of withdrawal of motion.  Okay.  Let me take a look at that.

MR. HOOD:  Your Honor, the Private Securities Litigation Reform Act is pretty clear that the Plaintiff with the largest financial interest will be appointed the lead Plaintiff.  So it's likely that most, if not all, of the other Movants will withdraw their motion after they've consulted with their clients.

And it looks like the Iron Workers at this moment are the parties with the largest financial interest.  So I think that given the formulaic application by the PSLRA, the motions will be decided based upon that particular criteria, who has the biggest financial interest.

THE COURT:  Well, so who is that, then?  Repeat

who it is.  Is it Iron Workers?

MR. HOOD:  Correct, Your Honor.

THE COURT:  Okay.  So Iron Workers is docket number 20.  And are you saying -- pardon?

MR. COOPER:  My apologies.  This is Kevin Cooper from the Wolf Haldenstein law firm.

And we believe that MTA has a substantially larger loss than Iron Workers on that.  And perhaps it might be easier to allow counsel to -- all of the various counsel to review the Movants' position, and to have a status report to the Court within 14 days?

THE COURT:  Okay.  So is this determinable objectively who has the most at stake?

MR. HOOD:  Your Honor, this is Alexander Hood, counsel for Iron Workers.  The PSLRA does set out a sequential process that involves consideration of, among other things, financial interests and whether a Movant satisfies the adequacy requirements of Rule 23.

There is certainly case law defining those terms, and I think that taking some time here to review the competing motions and updating the Court and/or filing response briefs, would be appropriate at this stage.

THE COURT:  Okay.  So you don't -- it would not be appropriate for Judge Ebel to issue an order until you have gone through that process?

MR. HOOD:  That would be Iron Workers' position, Your Honor.

THE COURT:  Okay.  And let me set a deadline for that, then.  So what's a good deadline for everyone to apprise themselves of the status of each of the interested parties, and then potentially withdraw all but one motion?

MS. CALCATERRA:  Your Honor, this is Regina Calcaterra, representing the MPA.

Could we do it 14 days from today that we would all confer and let you know what the status is of those who withdrew and those that are remaining that are going to be filing motions?

THE COURT:  Okay, that's May 1st.

MS. CALCATERRA:  Yes.

THE COURT:  What I'd like to do, then, is -- let me look at my calendar.

So, in the event that by May 1st all motions are withdrawn, except one, that's fine.

I'm going to set another conference for May 2nd at 10:00 o'clock, in the event that there is still a dispute. Let's talk about it then.

But if all of the parties have withdrawn, except for one, I'd like somebody to take the lead, call in, and have that setting vacated.

Does everybody understand?

MS. CALCATERRA:  Yes, Your Honor.

MR. HOOD:  Yes, Your Honor.

THE COURT:  Okay.

MS. CODY-HOPKINS:  Your Honor, this is Karen Cody-Hopkins regarding MPA.

The normal response date to the motions that were filed last night would be May 8th.  Now, obviously if we get down to just one, but are you staying everybody's response to the motions filed last night until after the next status conference?

THE COURT:  Well, so if the normal response time is May 8th, why do I need to stay anything?  We're going to be meeting --

MS. CODY-HOPKINS:  Well, we might be able to get it down so that the responses are mooted, because there's a consensus developed.

THE COURT:  Well, I don't really have authority, technically, to stay responses because the motions are not referred.

But I'm just trying to accommodate you guys in speeding things up.  So you decide what you want to do, I guess, if my proposal isn't satisfactory.

MS. CODY-HOPKINS:  No, I think your proposal will make sense, because many of these firms work together regularly on these kinds of cases and should be able to

figure it out.

But in case we end up with not one, but perhaps two, at the end, I think that there still needs to be a sense of what the actual response date is.  We can leave it at May 8th and hopefully have a resolution before then.

THE COURT:  Right.  But I'm setting something up for May 2nd.

MR. HOOD:  Alexander Hood, Your Honor.  We would be amenable to that.

THE COURT:  I don't understand.  We're setting up a process for May 1st and 2nd.  Why do we have to worry about May 8th?

MS. CODY-HOPKINS:  Well, because that would be the normal 21-day response date to the motions that were filed last night, Your Honor.

THE COURT:  Right.  And I'm not going to touch those response dates.  All I'm going to do is give you guys a chance to work things out.  If you do, then there's a path we'll go on.  If you don't, then your responses can be due May 8th.

But I'm still going to talk to you on May 2nd.  Does that make sense?

MS. CODY-HOPKINS:  Yes, Your Honor.  Thank you.

MR. HOOD:  Yes, Your Honor.

MR. WALKER:  Your Honor, this is Jake Walker.  I

represent the Plaintiff.

We've withdrawn our application for lead Plaintiff.  It's clear that our client doesn't have the largest financial interest.

May I be excused from the May 2nd call, given that we're not going to have a role in the case going forward?

THE COURT:  Well, that would be fine.  Are you actually going to then -- well, procedurally, how are you going to do that?

MR. WALKER:  Generally what -- I mean, we've actually made -- we filed a notice today saying we've withdrawn our motion to become a lead Plaintiff.  Our client still filed the action.  At some point, you'll appoint a lead Plaintiff who will presumably file an amended complaint.

We're happy to cooperate as how ever is necessary to do that procedurally, if our cooperation is necessary. But given that someone else is going to be the lead Plaintiff, and someone else will be lead counsel, we won't have a role in the case.

THE COURT:  Sure.  If all you're asking is to be excused from what we may do on May 2nd, that's granted. Okay?

MR. WALKER:  Thank you, Your Honor.

THE COURT:  All right.  Anything else?

(No response)

THE COURT:  Okay.  We'll issue minutes that will reflect what we've just done.

I guess I'm going to -- since Ms. Cody-Hopkins, you represent MTA?

MS. CODY-HOPKINS:  I'm proposed local counsel, yes, Your Honor.

THE COURT:  Okay.  Well, who should I be talking to, then, Ms. Calcaterra?

MS. CALCATERRA:  Yes, Your Honor.

MS. CODY-HOPKINS:  Yes.

THE COURT:  Okay.  Since you're convinced that you're going to be the lead Plaintiff, I'll put the burden on you to call in and vacate the May 2nd conference in the event that you all come to the same conclusion as far as the lead Plaintiff.  Okay?

MS. CALCATERRA:  Okay.  Thank you, Your Honor.

THE COURT:  All right.  Now is there anything else?

MS. CODY-HOPKINS:  Your Honor, this is Karen Cody-Hopkins.  One last point.

May everybody appear without motion by phone on the May 2nd conference, if necessary?

THE COURT:  Yes.

MS. CODY-HOPKINS:  Thank you.

THE COURT:  Okay.  That's all I have.  I look

forward to hearing from you, okay?

MR. WALKER:  Thank you, Your Honor.

THE COURT:  All right.  Take care.

MANY:  Thank you, Your Honor.

THE COURT:  Good bye.

(Time noted:  10:58 a.m.)

* * * * *

CERTIFICATE

I, RANDEL RAISON, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, to the best of my ability.

_____          May 8, 2019

Randel Raison