1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-cv-00455-DME-MEH
_____

GENE SEGALIS,

    Plaintiff,

vs.

MOLSON COORS BREWING COMPANY, MARK R. HUNTER, TRACEY I.
JOUBERT,

    Defendants,

ELECTRICAL WORKERS PENSION FUND, LOCAL 103 I.B.E.W., GEORGE
MURR,

    Movants,

METROPOLITAN TRANSPORTATION AUTHORITY, MANHATTAN AND BRONX
SURFACE TRANSIT OPERATING AUTHORITY,

    Interested Parties.
_____

    Proceedings before MICHAEL E. HEGARTY, United
States Magistrate Judge, United States District Court for the
District of Colorado, commencing at 10:38 a.m., April 17,
2019, in the United States Courthouse, Denver, Colorado.

_____

    WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS
ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

_____


STATUS CONFERENCE

2

APPEARANCES

JACOB WALKER, Attorney at Law, appearing for the Plaintiff.

DAVID KISTENBROKER, JACQUELINE ROEDER, JONI JACOBSEN and KENZO KAWANABE, Attorneys at Law, appearing for the Defendant.

PAUL WOOD, RUSTY GLENN, LESLIE PORTNOY and ALEXANDER HOOD, Attorneys at Law, appearing for the Movants

KAREN CODY-HOPKINS, REGINA CALCATTERA and KEVIN COOPER, Attorneys at Law, appearing for the Interested Parties.

_____

3

                    P R O C E E D I N G S

          (Whereupon, the within electronically recorded

proceedings are herein transcribed, pursuant to order of

counsel.)

          THE COURT:  Good morning, everyone.  Case Number

19-cv-455, Gene Segalis vs. Molson Coors Brewing Company, et

al.  I hate to go through this again because I heard you guys

on the microphone, but go ahead and make your appearances,

starting with the plaintiff.

          MR. WALKER:  Jake Walker from the law firm Block &

Leviton in Boston for plaintiff Segalis.

          THE COURT:  Okay.  For the defense.

          MR. KISTENBROKER:  David Kistenbroker and Joni

Jacobsen from Dechert, Your Honor, and Davis Graham is also

on.

          THE COURT:  Okay.

          MS. ROEDER:  Good morning.  It's Jackie Roeder and

Kenzo Kawanabe from Davis Graham.

          THE COURT:  Thank you.  How about for Electrical

Work Pension Fund?

          MR. WOOD:  Good morning, Your Honor.  Paul Wood on

behalf of the Electrical Workers Pension Fund.

          THE COURT:  All right.  And Metropolitan

Transportation Authority?

          MS. CALCATERRA:  Good morning, Your Honor.  This is

4

Regina Calcaterra from Wolf Haldenstein and I'm joined by my colleague on the phone Kevin Cooper and local counsel Karen Cody-Hopkins.

THE COURT:  Okay.  Is that everybody?

MR. ALLEN:  Good morning, Your Honor.  This is Alexander Hood of Pomerantz, LLP.  We're counsel for lead plaintiff Iron Workers Local 580 Joint Funds.  Our firm is also counsel for Larry Sussberg, the plaintiff in the action of Sussberg v. Molson Coors Brewing Company, 19-cv-514, which certain of the motions pending before the Court today are seeking to consolidate with the Segalis action.

THE COURT:  Okay.

MR. PORTNOY:  Good morning, Your Honor.  This is Leslie Portnoy with Glancy, Prongay and Murray, representing one of the movants George Murr, and I'm joined by local counsel Rusty Glenn from the Shuman Law Firm.

THE COURT:  All right.  Now, is that everybody?

Okay.  So I see motions pending and I don't think any of those motions have been referred to me, so at the moment, at least, nothing we can do about those.  I think the parties -- is it agreed that a schedule not be set at this time?  Is there anybody opposed to that proposition?

MR. WALKER:  No opposition from plaintiff.

MR. KISTENBROKER:  Nor from defendants, Your Honor.

THE COURT:  Okay.  Yeah, I'm not sure what else I

5

can do except watch things transpire.  So I guess we'll just wait.  Is this the lowest numbered case in our district?

MR. WALKER:  Yes, Your Honor.

THE COURT:  All right.  So is there any -- I mean, I can possibly sort of grease the skids here.  Would there be any opposition to consolidation from anyone, or are these unopposed motions or are they joint motions?  Anybody at all?

MR. WOOD:  I don't believe anyone -- this is Paul Woods, Your Honor.  I don't believe anyone is opposed to consolidation based on the motions that I've seen.

THE COURT:  Okay.

MR. KISTENBROKER:  Yes, Your Honor, this is David Kistenbroker from Dechert.  I believe under the federal rules they must be consolidated.

THE COURT:  Okay, very good.  So is -- is sooner better than later advantageous for you guys as far as getting them consolidated or does it really matter?

MR. WALKER:  It would certainly help, you know, move the process along, I'm sure.  The PSLRA requires the appointment of a lead plaintiff and generally the selection of their counsel within a certain prescribed period of time, so that would certainly help move things along, I am sure.

THE COURT:  Okay.

MR. KISTENBROKER:  Your Honor, yeah, consolidation has to be determined before the lead counsel is appointed.

6

THE COURT:  All right.

MR. WALKER:  That's correct, Your Honor.

THE COURT:  Okay.  I'm going to put you guys on hold and call over to David Ebel and talk to him, okay.  So we're going to mute you out, all right.

MR. WALKER:  Thanks, Your Honor.

THE COURT:  We'll be back in a second.

(Discussion off the record.)

THE COURT:  Okay.  So Judge Ebel and I have a pretty good working relationship.  Let's look at the docket sheet.  Give me the order that you really need these motions to be granted by docket number.

MR. WALKER:  Your Honor, each of the movants put forward the motions that combine the request to consolidate along with their own individual appointment, so I don't think it would be easy to just, you know, grant one of those motions.

THE COURT:  Okay.  So nobody has any opposition to any of the five pending motions; is that correct?

MR. WALKER:  Not to the extent that they can consolidate.

MS. CODY-HOPKINS:  Yes, Your Honor, this is Karen Cody-Hopkins representing the MTA.  I believe the movants have already withdrawn their -- their motion for appointment, so we're down one.

7

THE COURT:  Who withdrew?

MS. CODY-HOPKINS:  It looks like -- just a second. Attorney can confirm, but it looks like Mr. Segalis withdrew his motion.  Docket 22.

THE COURT:  Docket --

MS. CODY-HOPKINS:  Am I correct on that, sir?

THE COURT:  Oh, I see.  Notice of withdrawal of motion.  Let's take a look at that.

UNIDENTIFIED SPEAKER:  Your Honor, the Private Securities Litigation Reform Act is pretty clear that the plaintiff with the largest financial interest will be appointed the lead plaintiff.  So it's likely that most, if not all, of the other movants will withdraw --

CONFERENCE SPEAKER:  Joining the meeting.

UNIDENTIFIED SPEAKER:   -- (inaudible) after they've consulted with their clients, and it looks like the Iron Workers at this moment are the parties with the largest financial interest.  So I think that given the formulaic application by the PSLRA, the motions will be decided based upon that particular criteria, who has the biggest financial interest.

THE COURT:  Well, so who is that, then?  Repeat who it is.  It's Iron workers?

UNIDENTIFIED SPEAKER:  Correct, Your Honor.

THE COURT:  Okay.  So Iron Workers is Docket Number

8

20.  And are you saying --

MR. COOPER:  (Inaudible).

THE COURT:  Pardon?

MR. COOPER:  My apologies.  This is Kevin Cooper from the Wolf Haldenstein law firm, and we believe the MTA has a substantially larger loss than Iron Workers on that, and perhaps it might be easier to allow counsel to -- all the various counsel to review the movant's petition and to have it set up to the Court in 14 days.

THE COURT:  Okay.  So is this determinable objectively who has the most at stake?

MR. HOOD:  Yes, Your Honor.  This is Alexander Hood, Counsel for Iron Workers.  PSLRA does set out a sequential process that both consideration of, among other things, financial interest and whether a movant satisfies the adequacy of the (inaudible) requirements of Rule 23.  You know, but there is certainly case law defining those terms, and I think that taking some time here to review the competing motions and updating the Court and/or filing response briefs would be appropriate at this stage.

THE COURT:  Okay.  So you don't -- it would not be appropriate for Judge Ebel to issue an order until you have gone through that process?

MR. HOOD:  That would be Iron Workers' position, Your Honor.

THE COURT:  Okay.  And let me set a deadline for that, then.  So what's a good deadline for everyone to apprise themselves of the status of each of the interested parties and then potentially withdraw all but one motion.

MS. CALCATERRA:  Your Honor, this is Regina Calcaterra representing the MTA.  Could we do it 14 days from today?  That way all the firms would confer and let you know what the status is of those who withdrew and those that are remaining that are going to be filing motions.

THE COURT:  Okay, that's May 1.

MS. CALCATERRA:  Yes.

THE COURT:  What I would like to do then is -- let me look at my calendar.  So in the event that by May 1 all motions are withdrawn except one, that's fine.  I'm going to set another conference for May 2 at 10 o'clock.  In the event that there is still a dispute, let's talk about it then, but if all the parties have withdrawn, except for one, I would like someone to take the lead, call in and have that setting vacated.  Does everybody understand?

MS. CALCATERRA:  Yes, Your Honor.

UNIDENTIFIED SPEAKER:  Yes, Your Honor.

MS. CODY-HOPKINS:  Your Honor, this is Karen --

THE COURT:  Go.

MS. CODY-HOPKINS:  Your Honor, this is Karen Cody-Hopkins regarding MTA.  The normal response date to the

10

motions that were filed last night would be May 8.  Now, obviously if we get down to just one, but are you staying everybody's -- everybody's response to the motions filed last night until after the status next conference?

THE COURT:  Well, so if the normal response time is May 8, why do I need to stay anything?  We're going to be meeting.

MS. CODY-HOPKINS:  Well, we might be able to get it down so (inaudible) because there is -- a consensus developed.

THE COURT:  Well, I don't really -- I don't really have authority technically to stay responses because the motions are not referred, but I'm just trying to accommodate you guys in speeding things up.  So you decide what you want to do, I guess, if my proposal isn't satisfactory.

MS. CODY-HOPKINS:  No, I think -- I think your proposal will make sense because many of these firms work together regularly on these kinds of cases and should be able to figure it out, but in case we end up with not one, but perhaps two at the end, I think that there still needs to be sense of what the actual response date is.

We can leave it at the May 8 and hopefully have a resolution before then.

THE COURT:  Right, but I'm setting something up for May 2 --

11

MR. HOOD:  This is Alexander Hood, Your Honor.  We would be amenable to that.

THE COURT:  I don't understand.  We're setting up a process for May 1 and 2.  Why do we have to worry about May 8?

MS. CODY-HOPKINS:  Well, because that would be the normal 21-day response date to the motions that were filed last night, Your Honor.

THE COURT:  Right, and I'm not going to touch those response dates.  All I'm going to do is give you a guys a chance to work things out.  If you do, then there is a path we'll go on.  If you don't, then your responses will be due May 8, but I'm still going to talk to you on May 2.  Does that make sense?

MS. CODY-HOPKINS:  Yes, Your Honor, thank you.

MR. HOOD:  Yes, Your Honor.

MR. WALKER:  Your Honor, this is Jake Walker.  I represent the plaintiff.  We've withdrawn our application for lead plaintiff.  It's clear that our client doesn't have the largest financial interest.  May I be excused from the May 2 call, given that we're not going to have a role in the case going forward?

THE COURT:  Well, that would be fine.  Are you actually going to then -- procedurally how are you going to do that?

12

MR. WALKER:  Generally -- I mean, we've actually made -- we filed a notice today saying we've withdrawn our motion to become a lead plaintiff.  Our client still filed the action.  At some point you'll appoint a lead plaintiff who will presumably file an amended complaint.  We're happy to cooperate however is necessary to do that procedurally, if our cooperation is necessary, but given that someone else is going to be the lead plaintiff and someone else will be counsel, we won't have a role in the case.

THE COURT:  Sure.  If all you're asking is to be excused from what we may do on May 2, that's granted, okay.

MR. WALKER:  Thank you, Your Honor.

THE COURT:  All right.  Anything else?  Okay. We'll issue minutes that reflect what we've just done.  I guess I'm going to -- since Ms. -- is it Cody-Hopkins, do you represent MTA?

MS. CODY-HOPKINS:  Yeah, I'm -- I'm proposed local counsel, yes, Your Honor.

THE COURT:  Okay.  Well, who should I be talking to then?  Ms. Calcaterra?

MS. CALCATERRA:  Yes, Your Honor.

THE COURT:  Since you're convinced that you're going to be the lead plaintiff, I'll put the burden on you to call in and vacate the May 2 conference in the event that you all come to the same conclusion as far as a lead plaintiff.

13

Okay?

MS. CALCATERRA:  Okay, thank you, Your Honor.

THE COURT:  All right.  Now, anything else?

MS. CODY-HOPKINS:  Your Honor, this is Karen
Cody-Hopkins.  One last point.  May everybody appear without
motion by phone on the May 2 conference, if necessary.

THE COURT:  Yes.

MS. CODY-HOPKINS:  Thank you.

THE COURT:  Okay.  That's all I have.  I look
forward to hearing from you, okay.

MR. WALKER:  All right, thank you, Your Honor.

(Whereupon, the within hearing was then in
conclusion at 10:57 a.m.)

14

TRANSCRIBER'S CERTIFICATION

I certify that the foregoing is a correct transcript to the best of my ability to hear and understand the audio recording and based on the quality of the audio recording from the above-entitled matter.

/s/ Dyann Labo                    May 23, 2019

Signature of Transcriber          Date